IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD DAVID FAISON, § | |
| TDCJ NO. 1109497, § | |
| § | |
| Petitioner, § | |
| v. § | |
| § | CIVIL ACTION NO. H-14-0762 |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional § | |
| Institutions Division, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

TDCJ inmate Ronald David Faison has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) challenging an eleven-year-old state-court conviction under 28 U.S.C. § 2254. The petition will be dismissed as untimely.

I.   **Procedural History and Claims**

Faison was convicted of aggravated sexual assault of a child in 2002. State v. Faison, No. 909670 (248th Dist. Ct., Harris County, Tex., May 31, 2002). The Court of Appeals for the Fourteenth District of Texas affirmed the conviction the following year. Faison v. State, No. 14-02-00575-CR, 2003 WL 1566504 (Tex. App. Houston [14th Dist.] Mar. 27, 2003). No petition for discretionary review (PDR) was filed.

On April 27, 2006, Faison filed his first post-conviction challenge pursuant to article 11.07 of the Texas Code of Criminal Procedure, which was denied by the Texas Court of Criminal Appeals without a written order based on the trial court's findings. Ex parte Faison, 65,039-01 (Tex. Crim. App. Jan. 10, 2007). Faison filed a second state writ application, which was dismissed for noncompliance. Ex parte Faison, 65,039-02 (Tex. Crim. App. Apr. 7, 2010). He then filed a third state habeas application, which was dismissed without a written order based on the trial court's findings without a hearing. Ex parte Faison, 65,039-03 (Tex. Crim. App. Sept. 8, 2010). See Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/.

Faison filed a federal petition for a writ of habeas corpus on July 19, 2013. The petition was dismissed without prejudice for want of prosecution. In dismissing the petition the court cited Faison's failure to show cause why the case should not be barred by limitations. Faison v. Stephens, No. H-13-2222 (S.D. Tex. Sept. 10, 2013). In dismissing the action the district court liberally construed Faison's pleadings to be a plea for equitable tolling on the basis that he was proceeding without counsel and had been diagnosed with a schizo-affective disorder. Id., Order of Dismissal, Docket Entry No. 6, p. 3. The court held that Faison's pro se status and lack of legal training did not support equitable tolling of the statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and that Faison had failed to

show that his condition prevented him from timely filing a petition. Id. No appeal was filed.

As he did in his previous federal petition, Faison contends that he is entitled to relief because of his mental disabilities. He also requests a court-appointed attorney.

## II. One-Year Statute of Limitations

Faison's habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged, because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998). Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period as set forth by the following statutory language:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

A state conviction becomes final under the AEDPA when there is no further "'availability of direct appeal to the state courts.'" Jimenez v. Quarterman, 129 S. Ct. 681, 685 (2009), quoting Caspari v. Bohlen, 114 S. Ct. 948, 953 (1994).

### III. Analysis

Because no PDR was filed after the judgment against Faison was affirmed by the Fourteenth Court of Appeals on March 27, 2003, his conviction became final on April 26, 2003, the last day he could have filed a notice of appeal. See Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003) (the limitations period commenced when the period for filing a PDR in state court ended), citing TEX. R. APP. PROC. 68.2(a); see also Mark v. Thaler, 646 F.3d 191, 193 (5th Cir. 2011) Therefore, Faison would have been required to file his federal habeas petition on or before April 26, 2004. 28 U.S.C. § 2244(d)(1)(A). A properly filed state post-conviction challenge would toll the limitations period. 28 U.S.C. § 2244(d)(2).

The court concludes that this action would be dismissed as untimely under the AEDPA because Faison is challenging a conviction

-4-

that was final nearly ten years ago. See 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period for filing § 2254 petition after conviction becomes final). His previous federal habeas petition does not toll the limitations period. Duncan v. Walker, 121 S. Ct. 2120, 2129 (2001) (application for federal habeas corpus review is not "application for State post-conviction or other collateral review," within meaning of AEDPA's tolling provision); Grooms v. Johnson, 208 F.3d 488 (5th Cir. 1999).

The court liberally construes Faison's allegations of mental illness as a ground for equitable tolling. A habeas petitioner is entitled to equitable tolling only if he shows "'(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010), quoting Holland v. Florida, 130 S. Ct. 2549, 2561 (2010). Although mental illness may support an argument for equitable tolling, it does not establish it as a matter of right. Smith v. Kelly, 301 F. App'x 375, 377 (5th Cir. 2008), citing Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999). Even if the court were to assume that Faison is suffering from some mental impairment, Faison has not shown that he has diligently pursued his remedies during the period between the date that his conviction became final and the date that he filed his federal habeas petition. Consequently, he is not entitled to equitable tolling. Id.

Habeas petitioners are usually given an opportunity to respond when the court screening their federal habeas petitions finds them to be untimely. See Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). A response is not warranted in this case since Faison had been previously ordered to file a response regarding the timeliness of his federal petition for a writ of habeas corpus filed in Civil Action No. H-13-2222. Therefore, Faison's petition for a writ of habeas corpus will be dismissed pursuant to 28 U.S.C. § 2244(d) because it was filed more than one year after the challenged conviction became final.

## IV.  Certificate of Appealability

Before Faison can appeal the dismissal of his petition, he must obtain a Certificate of Appealability (COA). 28 U.S.C. § 2253. In order to obtain a COA, Faison must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). In addition, Faison must show that there is some debate on whether the district court was correct regarding its determination that the petition is untimely. See Ripkowski v. Thaler, 438 F. App'x 296, 301 (5th Cir. 2011), citing Hall v. Cain, 216 F.3d 518, 521 (5th Cir. 2000). A COA shall be **DENIED** because this action is clearly barred as untimely, and Faison has not made a substantial showing of the denial of a constitutional right. See Resendiz v. Quarterman, 454 F.3d 456 (5th Cir. 2006).

## V. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DISMISSED with prejudice** as untimely. 28 U.S.C. § 2244(d).

3. A Certificate of Appealability is **DENIED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner; and a copy of the petition and this Memorandum Opinion and Order to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 7th day of April, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE